# EXHIBIT A

# EXHIBIT A-1

3/28/2019 1:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32320391
By: Nelson Cuero
Filed: 3/28/2019 11:55 AM

# 2019-22404 / Court: 269

## CAUSE NO. _____

| | | |
|---|---|---|
| DESTREA ARMSTRONG, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| V. | § § | _____ JUDICIAL DISTRICT |
| INTERCONTINENTAL TERMINALS COMPANY, LLC and ITC | § § § § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL CLASS ACTION PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION, AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff Destrea Armstrong ("Plaintiff"), and files this Original Class Action Petition, and Application for Temporary Restraining Order and Temporary Injunction, and Request for Disclosures against Defendants Intercontinental Terminals Company LLC and ITC ("Defendants"), and for causes of action would respectfully show unto the Court the following:

### I.   DISCOVERY PLAN

1.      Plaintiffs intend that discovery be conducted under Discovery Level 3.

### II.   NATURE OF ACTION

2.      This is a class action arising out of Defendants' grossly negligent conduct in which they caused a fire at Defendants' tank yard in Deer Park, Texas during the morning of March 17, 2019.  The first of Defendants' tanks consumed by fire contained the highly toxic chemical Naphtha. As this fire grew, it spread to other tanks within the yard. At least eight tanks

were consumed by the flames of the fire. Defendants' tanks burned for days while churning out massive plumes of toxic smoke across the communities of Harris County. Despite recommendations on how to contain this toxic event, Defendants consciously disregarded the recommendations and allowed the tanks to burn. These massive plumes of toxic smoke and ash caused injury and damages to Plaintiff and the Class Members.

## III.   PARTIES AND SERVICE

3.     Plaintiff Destrea Armstrong is an individual who resides in Harris County, Texas.

4.     The Class Members constitute all individuals working and/or residing in Deer Park, Pasadena, Sheldon, Channelview, Galena Park, or Jacinto City at any time from March 17, 2019 to March 23, 2019. Included in the class are parents, spouses, children, guardians, and legal representatives of such persons with direct or derivative claims.

5.     Intercontinental Terminals Company LLC is a Delaware Company doing business in the State of Texas for monetary profit. Based upon information and belief, said Defendant is the owner of the property and facility located in Deer Park, Texas where the fire started on March 17, 2019, hereinafter the "ITC facility". As detailed in the Texas Secretary of State records, Intercontinental Terminals Company LLC maintains a corporate office in Texas, located at 1021 Main St. #1150, Houston, Texas 77002-6508. ITC has availed itself of the jurisdiction and laws of the State of Texas. Said Defendant may be served with process by and through its registered agent for service of process in the State of Texas:  CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

6.     ITC is the assumed name of the company operating the ITC Facility where the tank fire started on March 17, 2019. Said Defendant may be served with process by and through its registered agent for service of process in the State of Texas:  CT Corporation System, 1999

2

Bryan St., Suite 900, Dallas, Texas 75201-3136.

7.     Plaintiff invokes the right to institute this suit against any other entity conducting business of the common or trade name "Intercontinental Terminals Company" with regard to the events described in Plaintiff's Petition. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff invokes the right to add or substitute this party at a later date.

## IV.     JURISDICTION AND VENUE

8.     The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief in excess of $1,000,000. Venue is proper in Harris County, Texas, pursuant to pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred. Venue is proper as to Plaintiff and Defendants under Texas Civil Practice & Remedies Code § 15.005.

9.     This Court has subject matter jurisdiction over this cause of action because Plaintiff seeks damages exceeding the Court's minimum jurisdictional limits.

10.     This Court has personal jurisdiction over Defendants because they are domestic companies with their headquarters in Houston, Texas.

11.     Federal courts lack jurisdiction over this cause of action since there are no federal questions raised in this matter and there is incomplete diversity of citizenship.  The Plaintiff, proposed Class Members and Defendants are all residents of Texas.  Additionally, Plaintiff does not seek relief under any federal statute or regulation. Moreover, Plaintiff's rights do not depend upon the resolution of a substantial question of federal law.  Thus, any attempt to remove this cause of action to federal court would therefore be improper.

## V.   FACTS

12.     Defendants operate a storage facility in the petrochemical industry.  Defendants own and operate two terminals for their business in the Houston area.  As their website states, "[t]he ITC Deer Park terminal started in 1972 and currently has 13.1 million barrels (2.2 million cbm) of capacity in 242 tanks.  It stores all kinds of petrochemical liquids and gases, as well as fuel oil, bunker oil and distillates.  The terminal has five ship docks and ten barge docks, rail and truck access, as well as multiple pipeline connections."

13.     This lawsuit arises out of a fire in Defendants' tank yard during the morning of March 17, 2019 at Defendants' Deer Park terminal. On or about 10:30 am on March 17, 2019, a fire started at the ITC tank yard and first ignited a tank containing Naphtha.  That fire continued to spread throughout the ITC terminal.  As the fire grew, it spread to other tanks within the yard. At least eight tanks were consumed by the flames of the fire, which sent massive plumes of black smoke over and into the communities of Southeast Texas, including Deer Park and Galena Park. This massive cloud of smoke contained dangerous chemicals, ash, and fumes, which spread into the Deer Park, Pasadena, Sheldon, Channelview, Galena Park, and Jacinto City communities. Defendants' tanks burned for three days while churning out the massive plumes of smoke until the fire was extinguished for several hours on March 20, 2019.

14.     Although it was believed that this fire was extinguished, the fire reignited a mere hours later until it was tampered down later that day. However, the fire again reignited on Thursday, March 21st, this time releasing the toxic chemical Benzene into the air along with all the other chemicals that were released into the air by Defendants' tanks during the prior four days. This blaze grew stronger and the following day, Friday, March 22, 2019, a shelter in place

4

order was issued for the residents of Deer Park and Galena Park.

15.     Upon information and belief, Defendants failed to properly maintain and monitor their tanks, causing them to overheat. As a result, fires were started which released numerous chemicals into the air including; Naphtha, Xylene, Toluene, and Benzene. Plaintiff and the Class Members were exposed several times to these harmful chemicals.   Plaintiff's and the Class Members' exposure to these toxins have caused them severe injuries and damages.

16.     On information and belief, Defendants and/or their agents sought the advice of experts to contain the fire.  However, Defendants and/or their agents did not follow the advice received and therefore were unable to contain the fire until later.

17.     This was not the first time that Defendants failed to properly maintain their tanks and chemicals or otherwise engage in safe and reasonable behavior.  Previously, Defendants were fined by the Texas Commission of Environmental Quality for several violations of the law. In 2008, Defendants were fined for releasing the carcinogen, Butadiene, into the atmosphere due to the Defendants' failure to prevent an increase in pressure. In 2009, Defendants were fined for releasing the Toluene, a hazardous air pollutant, into the atmosphere.

18.     Additionally, Defendants have been fined for repeated water violations. In 2017, the Texas Commission on Environmental Quality fined Defendants for releasing cyanide into the San Jacinto River basin in an amount that was more than 10 times the permitted level.  Before that, in 2016, Defendants released more than three times the limit for sulfide.   In 2015, Defendants were found to have released an unsafe amount of chlorine. These repeated improper acts demonstrate a prolonged pattern of disregarding the law and the safety of the Houston Community by Defendants.

19.     As a result of Defendants' grossly negligent conduct, Plaintiff suffered from a

respiratory infection, headaches, nose bleeds, coughing with blood, and suffered flashes in her eyes. Her injuries were common to the Class as they also suffered the typical injuries caused by such a fire – including breathing difficulty, upper respiratory infections, bronchitis, pneumonia, burning eyes, headaches, coughing, nose bleeds, eye flashes, and throat discomfort.

20.     Worse, some of the chemicals that were released in Defendants' fire are known carcinogens. Benzene is a known carcinogen. Benzene is known to cause cancer, based on evidence from studies in both people and lab animals. Indeed, there is direct evidence of Benzene exposure and an increased risk of Leukemia and other cancers of blood cells. Similarly, Toluene and Xylene exposures have been associated with an increased risk of cancer. Moreover, recent studies have shown that significant smoke inhalation from fires can cause a significant increase in cancer.

21.     Thus, Plaintiff and the Class Members have not only suffered physical injuries but now need to monitor their health for the foreseeable future as they have been exposed to conditions that cause a significant risk of cancer. They are entitled to compensation from a medical monitoring fund created at Defendants' expense to monitor and treat their health as a result of Defendants' grossly negligent acts.

## VI.    CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to Rule 42 of the Texas Rules of Civil Procedure on behalf of the Class Members which is comprised of:

> **All individuals working and/or residing in the cities of Deer Park, Pasadena, Sheldon, Channelview, Galena Park, or Jacinto City at any time from March 17, 2019 to March 23, 2019. Included in the class are parents, spouses, children, guardians, and legal representatives of such persons with direct or derivative claims.**

23.     <u>Numerosity</u>.   The number of members in the Class is believed to be in the

6

thousands.   This volume makes bringing the claims of each individual member of the class before this Court impracticable.   Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable.   While the identities of each Class Member is not known at this time, their identity can be discovered by using publicly available property records, including those maintained by Harris County.   As such, a class action is a reasonable and practical means of resolving these claims.   To require individual actions would prejudice the Court, the Class and Defendants.

24.   <u>Typicality</u>.  Plaintiff's claims are typical of the Class because like the members of the Class, Plaintiff was subject to Defendants' negligent acts and omissions which caused the fires at the ITC Terminal.   Further, Plaintiff was exposed to the same toxins that were released from the fires as the Class Members.   Moreover, Plaintiffs suffered injuries that were common to the Class due to the exposure to the toxins from the fire, including breathing difficulty, headaches, and an increased risk of cancer.   Due to the latency period and the potentially concealed nature of the complications due to the exposure to carcinogens, medical monitoring, testing or treatment is necessary for each member of the Class.   Plaintiff and the Class have been harmed as a result of Defendants' negligent acts.   It was Defendants' common acts that caused the injuries to Plaintiff and the Class Members. As such, Plaintiff's claims are typical of the claims of the Class.   Plaintiff and all members of the Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

25.   <u>Adequacy</u>.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the relief required under Texas law.   Plaintiff has retained attorneys who are competent in both class actions and complex personal injury litigation.

7

Plaintiff's Counsel are board certified in Personal Injury Trial Law by the Texas Board of Legal Specialization and have served as class counsel in well over 75 class actions and/or collective actions.  Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Class she seeks to represent.

26.    <u>Commonality</u>.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

- Whether Defendants failed to properly store chemicals at the ITC facility;

- Whether Defendants failed to develop, implement, and maintain proper procedures for the backup refrigeration of chemicals stored at the ITC facility;

- Whether Defendants failed to develop, implement, and maintain proper safety procedures and protocol concerning the safe maintenance of the highly toxic and inherently dangerous chemicals maintained at the ITC facility;

- Whether Defendants failed to have adequate procedures in place to protect the safety and welfare of the community in the event of a catastrophe;

- Whether Defendants failed to provide the public accurate information on the chemicals being released;

- Whether Defendants failed to properly mitigate exposure once the fire started;

- Whether Defendants failed to properly warn the public concerning the risks and dangers associated with the highly toxic and inherently dangerous chemicals maintained at the ITC facility; and

- Whether Defendants failed to implement and maintain proper procedures, as established by ITC and governmental agencies regarding the safe and proper handling of chemicals at the ITC facility.

8

27.   The common issues of law include, but are not limited to:

- Whether Defendants are liable for the fire that started at the ITC Terminal;

- The measure of damages for the Plaintiff and Class Members; and

- Whether Defendants are liable for punitive damages.

28.   <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

29.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication.  The identity of members of the Class is readily identifiable from public records.

30.   Moreover, many of the Class Members may be unaware of their plight and the full extent of their injuries.  They require identification, screening, and education.  Class Certification is appropriate as Plaintiff also seeks equitable relief in the form of notification and medical monitoring so that each Class Member can be advised of their increased risk of cancer and be examined and monitored for potential, long term adverse effects.

31.   This type of case is well-suited for class action treatment because: (1) Defendants'

9

practices, policies, and/or procedures were uniform; (2) Defendants' conduct caused the fire; and (3) the fire led to the injuries to the Plaintiff and Class Members.  Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to properly maintain their terminal in Deer Park, Texas.

## VII.    CAUSES OF ACTION

32.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

### A.    NEGLIGENCE – CLASS ACTION

33.    On the occasion in question, as more fully described above in Section V, Defendants committed acts of omission and the commission of direct conduct, which collectively and separately constituted negligence. Defendants had a duty to exercise ordinary care; meaning, that degree of care that would be used by any chemical company of ordinary prudence under the same or similar circumstances, and Defendants breached that duty, including but not limited to one or more of the following ways:

- In failing to properly store chemicals at the ITC facility;

- In failing to develop, implement, and maintain proper procedures for the backup refrigeration of chemicals stored at the ITC facility;

- In failing to develop, implement, and maintain proper safety procedures and protocol concerning the safe maintenance of the highly toxic and inherently dangerous chemicals maintained at the ITC facility;

- In failing to have adequate procedures in place to protect the safety and welfare of the community in the event of a catastrophe;

- In failing to provide the public accurate information on the chemicals being released;

10

- In failing to properly warn the public concerning the risks and dangers associated with the highly toxic and inherently dangerous chemicals maintained at the ITC facility;

- In failing to properly contain the fire and toxic chemicals once the fire started;

- In failing to implement and maintain proper procedures, as established by ITC and governmental agencies regarding the safe and proper handling of chemicals at the ITC facility; and

- In failing to adequately prepare for a major fire event, having had the knowledge that such an event was foreseeable.

34. Defendants' breaches were a proximate cause of the occurrence in question and the injuries and damages sustained by Plaintiff and the Class Members herein.

**B.      GROSS NEGLIGENCE – CLASS ACTION**

35. Defendants unconscionably and wantonly neglected to take the actions reasonably required to correct its past mistakes and omissions and unconscionably and wantonly neglected to reasonably protect the Class Members from the unreasonably dangerous condition it created. These acts of omission and commission included, but were not limited to, those as described herein.

36. Defendants committed acts of omission and commission, which collectively and severally, constituted malice under Chapter 41 of the Texas Civil Practices & Remedies Code, which malice was a proximate cause of the accident described herein. Plaintiff and the Class Members seek exemplary damages as allowed by law in an amount to be determined at trial.

**C.      NEGLIGENT MISREPRESETATIONS – CLASS ACTION**

37. Defendants gave misleading information to the public and failed to exercise

11

reasonable care when it gave information. Plaintiff and the Class Members justifiably and detrimentally relied on the information provided by Defendants.

38.     Defendant's negligent misrepresentations to Plaintiff and the Class Members proximately caused the injuries and harm they suffered. Plaintiff is entitled to recover all damages caused by Defendants' tortious representations.

## VIII.    PROXIMATE CAUSE

39.     Plaintiff incorporates all factual allegations made above.

40.     Each and every, all and singular, of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## IX.    DAMAGES SOUGHT

41.     Plaintiff incorporates all factual allegations made above.

42.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff and the Class Members were caused to suffer permanent injury.

43.     Plaintiff and the Class Member seek the following:

  a.  Declaring and certifying this case as a class action, appointing Plaintiff as the class representative, and Plaintiff's Counsel as Class Counsel;

  b.  Establishing and funding a medical monitoring program, at Defendants' expense, to notify the Class Members of the dangers of the chemicals that were released into the air, and to monitor and test the health of each Class Member for future health risks, including cancer;

  c.  Establishing a common fund on behalf of Plaintiff and Class Members so as to distribute any and all funds necessary to reimburse them for their medical

expenses, treatments, and economic losses;

d. Punitive damages; and

e. Judgment against Defendants in the full amount awarded by the jury.

## X.   <u>EXEMPLARY DAMAGES</u>

44.    Plaintiffs incorporate all factual allegations made above.

45.    Defendants' acts or omissions, which when viewed objectively from the standpoint of Defendants at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff, the Class Members, and others. Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## XI.    APPLICATION FOR TEMPORARY RESTRAINING ORDER <u>AND TEMPORARY INJUNCTION</u>

46.    In light of the above described facts. Plaintiff seeks recovery from Defendants. Plaintiff is likely to succeed on the merits of this lawsuit. Plaintiff is concerned that Defendants will change, alter, destroy, convert, or even transport evidence involved in this incident. Unless this Honorable Court immediately restrains the Defendants, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court that the harm to Plaintiff and Class Members is imminent. This imminent harm will cause irreparable injury in that the Plaintiff will lose the opportunity to inspect and photograph the evidence and will be unable to prosecute the claims. There is no adequate remedy at law which will give Plaintiff complete,

13

final and equal relief.

47.     In order for Plaintiff to properly investigate and pursue the claims, and recover damages and see that justice is done, this Court should restrain the Defendants, their agents, servants, employees, contractors, contract employees, attorneys and those acting in concert with or in representation of said Defendants from changing, altering, destroying, modifying, converting, selling or transporting the evidence described below which was involved in this incident. Plaintiff is willing to post a reasonable temporary restraining order bond and request the court to set such bond. Plaintiff has met her burden by establishing each element which must be present before injunctive relief can be granted by this Court, therefore Plaintiff is entitled to the requested temporary restraining order.

48.     In order to preserve the status quo during the pendency of this action, Plaintiff prays the Court restrain and/or enjoin Defendants from in any way changing, altering, destroying, modifying, converting, selling, or transporting the below described evidence. Plaintiff also seeks an order preserving:

    a.     Any and all photographs and videotapes, including drone footage, of the scene of the incident(s), parties or equipment involved, including but not limited to the subject tanks and any other equipment involved in the March 17, 2019 to March 23, 2019, incident at the ITC facility in Deer Park, Texas;

    b.     Any and all stickers, safety slogans, warnings, etc. attached to or placed on the premises and/or equipment located at the ITC facility in Deer Park, Texas;

    c.     Any and all equipment, including manuals and materials related to the same, that were and/or have been used in the maintenance of the containers utilized at the ITC facility in Deer Park, Texas from January 1, 2008 to the present;

    d.     Any and all documents/communications regarding the chemicals involved in the fires and emissions events at the ITC facility in Deer Park, Texas on March 17 to March 23, 2019;

    e.     Any and all documents, records, communications, samples, protocols and/or

14

measurements relating to any testing of the air in or within a fifty (50) mile radius of the ITC facility in Deer Park, Texas, for the presence of toxic / hazardous chemicals from March 17, 2019 to the present;

f.   Any and all documents, records, communications, samples, and/or measurements relating to any testing for the presence of hazardous materials of any soil on or within a twenty (20) mile radius of the ITC facility in Deer Park, Texas, from March 17, 2019 to the present;

g.   Any and all documents, records, communications, samples, and/or measurements relating to any testing of debris emitted from the ITC facility located in Deer Park, Texas from March 17, 2019 to the present;

h.   Any and all documents, records, samples, protocols, and/or measurements relating to any testing of any debris or materials collected from ITC residents within a twenty (20) mile radius of the ITC facility located in Deer Park, Texas from March 17, 2019 to the present;

i.   Any and all documents or records relating to the incident and subject containers, including but not limited to any records, communications, documents, emails, text messages, by and between ITC, its agents, directors, employees, and assigns, and: the Department of Justice, the Occupational & Safety Health Administration, the Chemical Safety Board, the Environmental Protection Agency, the Texas Center for Environmental Quality, the Deer Park and Harris County fire departments, any emergency responders who responded to the fires at the ITC facility located in Deer Park, Texas, and any other state or federal regulatory agency or organization;

j.   Any and all emails, electronic data, documents, statements, diaries, calendar entries, memos, incident reports, call slips or telephone messages, text messages, facsimiles, voicemail messages and correspondence related to the fires and/or emissions events at the ITC facility in Deer Park, Texas;

k.   Once the fire started, any and all recordings, emails, electronic data, documents, statements, diaries, calendar entries, memos, incident reports, call slips or telephone messages, text messages, facsimiles, voicemail messages and correspondence related to ending/mitigating/containing the fires and/or the chemicals being emitted;

l.   Any and all log books, maintenance logs, cargo logs, maintenance and repair records, inspection reports, annual inspection reports, operating manuals, actual audiotape recordings or any transcript or any recorded statements, mobile radio and dispatch records pertaining to the fires and/or emissions events at the ITC facility in Deer Park, Texas; and

15

m.    Samples of any and all chemicals maintained at the ITC facility in Deer Park, Texas as of March 17, 2019 to the present.

49.    The foregoing tangible and physical evidence is relevant and reasonably necessary to determine the cause of Plaintiff's and the Class Members' injuries, the loss of which would be irreparably harmful to Plaintiff. It is essential that the court act immediately, prior to giving notice to Defendants and conducting a hearing on the matter, so as to adequately preserve the status quo.

### XII.    REQUEST FOR HEARING ON TEMPORARY RESTRAINING ORDER AND SUBSEQUENT INJUNCTIVE RELIEF

50.    Plaintiff would further pray for this Court to set a hearing on Plaintiff's Application for Temporary Restraining order and subsequent injunctive relief in this matter.

### XIII.    REQUEST FOR INSPECTION

51.    Plaintiff also prays that this Court issue an Order permitting Plaintiff's attorneys and investigative staff, including but not limited to consulting experts, to have access to the premises in question to inspect, photograph, and film said premises. Such access for the purpose of inspection, photographing and filming is essential in order for Plaintiff to prepare her case and to see that justice is done.

### XIV.    PRESERVING EVIDENCE – SPOLIATION NOTICE

52.    Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incidents made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, audio recordings,

16

text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence

## XV.    REQUESTS FOR DISCLOSURE

53.    Pursuant to Tex. R. Civ. P. 194, Plaintiff hereby requests all Defendants disclose the material describe in Rule 194.2(a) through (l).   Per Rule 194.3(a), this material must be disclosed within 50 days of the date of service of this petition.

## XVI.    JURY TRIAL DEMAND

54.    Plaintiff hereby requests trial by jury on all issues of fact.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Armstrong respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff and the Class Members against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice & Remedies Code; together with pre-judgment at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

17

Respectfully submitted,

KENNEDY HODGES, LLP

By: */s/ David W. Hodges*
     David W. Hodges
     State Bar No. 00796765
     dhodges@kennedyhodges.com
     4409 Montrose Blvd., Suite 200
     Houston, TX 77006
     Tel. (713) 523-0001
     Fax. (713) 523-1116
     Houston, Texas 77006

     And

     Don J. Foty
     State Bar No. 24050022
     dfoty@kennedyhodges.com
     4409 Montrose Blvd., Suite 200
     Houston, TX 77006
     Tel. (713) 523-0001
     Fax. (713) 523-1116

     ATTORNEYS FOR PLAINTIFF AND CLASS
     MEMBERS

18

3/28/2019 1:56:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32320391
By: CUERO, NELSON
Filed: 3/28/2019 11:56:13 AM

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: 2019-22404 / Court: 269   COURT *(FOR CLERK USE ONLY)*:

STYLED Destrea Armstrong, on Behalf of Herself and All Others Similarly Situated v. Intercontinental Terminals Company, LLC and ITC
*(e.g. John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: David W. Hodges | Email: dhodges@kennedyhodges.com | Plaintiff(s)/Petitioner(s): Destrea Armstrong, on Behalf of Herself and All Others Similarly Situated | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address: 4409 Montrose Blvd., Ste. 200<br>City/State/Zip: Houston, TX 77006 | Telephone: 713-523-0001<br>Fax: 713-523-1116 | Defendant(s)/Respondent(s): Intercontinental Terminals Company, LLC and ITC | Additional Parties in Child Support Case:<br>Custodial Parent:<br>Non-Custodial Parent: |
| Signature: *David W. Hodges* | State Bar No: 00796765 | *[Attach additional page as necessary to list all parties]* | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | Family Law |
|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |

**Contract**

*Debt/Contract*
☐Consumer/DTPA
☐Debt/Contract
☐Fraud/Misrepresentation
☐Other Debt/Contract:

*Foreclosure*
☐Home Equity—Expedited
☐Other Foreclosure
☐Franchise
☐Insurance
☐Landlord/Tenant
☐Non-Competition
☐Partnership
☐Other Contract:

**Injury or Damage**
☐Assault/Battery
☐Construction
☐Defamation
*Malpractice*
☐Accounting
☐Legal
☐Medical
☐Other Professional Liability:

☐Motor Vehicle Accident
☐Premises
*Product Liability*
☐Asbestos/Silica
☐Other Product Liability List Product:

☒Other Injury or Damage:

**Real Property**
☐Eminent Domain/ Condemnation
☐Partition
☐Quiet Title
☐Trespass to Try Title
☐Other Property:

**Related to Criminal Matters**
☐Expunction
☐Judgment Nisi
☐Non-Disclosure
☐Seizure/Forfeiture
☐Writ of Habeas Corpus— Pre-indictment
☐Other:

**Marriage Relationship**
☐Annulment
☐Declare Marriage Void
*Divorce*
☐With Children
☐No Children

**Other Family Law**
☐Enforce Foreign Judgment
☐Habeas Corpus
☐Name Change
☐Protective Order
☐Removal of Disabilities of Minority
☐Other:

**Post-judgment Actions (non-Title IV-D)**
☐Enforcement
☐Modification—Custody
☐Modification—Other

**Title IV-D**
☐Enforcement/Modification
☐Paternity
☐Reciprocals (UIFSA)
☐Support Order

**Parent-Child Relationship**
☐Adoption/Adoption with Termination
☐Child Protection
☐Child Support
☐Custody or Visitation
☐Gestational Parenting
☐Grandparent Access
☐Parentage/Paternity
☐Termination of Parental Rights
☐Other Parent-Child:

| Employment | Other Civil | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000



3/28/2019 1:56:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32320391
By: CUERO, NELSON
Filed: 3/28/2019 11:55:13 AM

**Marilyn Burgess**

2019-22404 / Court: 269

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____     CURRENT COURT: _____

Name(s) of Documents to be served: Plaintiff's Original Class Action Petition and Application for Temporary Re

**FILE DATE:** 03/28/2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

Issue Service to: Intercontinental Terminals Company, LLC

Address of Service: 1999 Bryan Street, Ste. 900

City, State & Zip: Dallas, Texas 75201-3136

Agent (if applicable) CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ **Citation** ☐ **Citation by Posting** ☐ | **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)** _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP (phone)** _____     ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____        **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                      *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**               used to retrieve the E-Issuance Service Documents.
                                                     Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: David W. Hodges   Bar # or ID   00796765

Mailing Address: Kennedy Hodges, LLP 4409 Montrose Blvd.

Phone Number: 713-523-0001

3/28/2019 1:56:00 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32320391
By: CUERO, NELSON
Filed: 3/28/2019 11:55:13 AM

**Marilyn Burgess**

2019-22404 / Court: 269

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Class Action Petition and Application for Temporary Re

**FILE DATE:** 03/28/2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** ITC _____

Address of Service: 1999 Bryan Street, Ste. 900 _____

City, State & Zip: Dallas, Texas 75201-3136 _____

Agent (if applicable) CT Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ Citation ☐ Citation by Posting ☐ | Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe) _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
☐ **ATTORNEY PICK-UP (phone)** _____   ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:   David W. Hodges   Bar # or ID   00796765

Mailing Address: Kenndy Hodges, LLP 4409 Montrose Blvd.

Phone Number: 713-523-0001 _____

# EXHIBIT A-2

CAUSE NO. 2019-22404

| | | |
|---|---|---|
| DESTREA ARMSTRONG, ON BEHALF | § | IN THE DISTRICT COURT OF |
| OF HERSELF AND ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INTERCONTINENTAL TERMINALS | § | |
| COMPANY LLC | § | |
| Defendant. | § | 269th JUDICIAL DISTRICT |

**DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S
MOTION TO TRANSFER VENUE AND, SUBJECT THERETO,
ORIGINAL ANSWER**

Defendant Intercontinental Terminals Company LLC ("ITC"), incorrectly sued as "Intercontinental Terminals Company, LLC and ITC," files its Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff's Original Class Action Petition and Application for Temporary Restraining Order and Temporary Injunction, and Requests for Disclosure (the "Petition").

## I.   MOTION TO TRANSFER VENUE

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, ITC respectfully requests that venue for this action be transferred from Harris County to another county of proper venue under the Texas Civil Practice and Remedies Code.  ITC will supplement the record with a brief in support of its motion and necessary affidavits upon completion of sufficient discovery.

## II.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, ITC generally denies the allegations and claims set forth in Plaintiff's Petition and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

40272313

### III.   AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred because Plaintiff lacks standing to bring, in whole or in part, the claims alleged in the Petition.

3.      The purported class cannot be certified under Texas Rule of Civil Procedure 42 because the purported class, class representatives, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

4.      ITC asserts the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling ITC to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against it by the degree of negligence or fault attributable to any other person or party.

5.      ITC asserts the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused by separate and independent events or agencies that were not the result of ITC's actions or reasonably foreseeable to ITC or within its control.

6.      ITC denies that the alleged injuries of Plaintiff were proximately caused by any alleged act or omission of ITC.

7.      As an affirmative defense, the evidence may show that one or more claims of Plaintiff are barred in whole or in part by the failure to mitigate damages.

8.      As an affirmative defense, the evidence may show that one or more of Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

9.      Alternatively, should any amount be cast against ITC in judgment, ITC is entitled to a credit and off-set for any and all payments made to Plaintiff for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

10.     ITC denies any liability for punitive or exemplary damages.  In any event, Plaintiff's claims for exemplary damages are limited by Tex. Civ. Prac. & Rem. Code § 41.008.

11.     ITC denies any liability for punitive or exemplary damages.  In any event, Plaintiff's claim for punitive damages against ITC cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate ITC's rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

12.     ITC denies any liability for punitive or exemplary damages.  In any event, Plaintiff's claims for punitive damages against ITC cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness or the appropriate size of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages

permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate ITC's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

13.     ITC denies any liability for punitive or exemplary damages.  In any event, a punitive damages award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to that Constitution, and Article I, § 19 of the Texas Constitution.

14.     ITC reserves the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

## IV.     RIGHT TO AMEND

ITC reserves the right to amend this Answer.

## V.     REQUEST FOR JURY

ITC requests a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

## VI.     PRAYER

ITC requests that this Court, after trial or final hearing of this case, enter judgment in ITC's favor, that Plaintiff take nothing by reason of this suit, and that the Court award ITC its costs of court and expenses and all other relief to which it is entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By:  /s/ Russell C. Lewis
       Russell C. Lewis
       Texas Bar No. 24036968
       Michael S. Goldberg
       Texas Bar No. 08075800
       Benjamin Gonsoulin
       Texas Bar No. 24099682
       Kelly Hanen
       Texas Bar No. 24101862
       Elizabeth Furlow
       Texas Bar No. 24109899
       One Shell Plaza
       910 Louisiana Street
       Houston, Texas 77002-4995
       Telephone:  (713) 229-1767
       Facsimile:  (713) 229-2867
       russell.lewis@bakerbotts.com
       michael.goldberg@bakerbotts.com
       ben.gonsoulin@bakerbotts.com
       kelly.hanen@bakerbotts.com
       elizabeth.furlow@bakerbotts.com

PHELPS DUNBAR LLP

By:  _/s/ Ivan M. Rodriguez_
   Ivan M. Rodriguez
   Texas Bar No. 24058977
   Marc G. Matthews
   Texas Bar No. 24055921
   Michael E. Streich
   Texas Bar No. 24079408
   500 Dallas, Suite 1300
   Houston, Texas  77002
   Telephone:  (713) 626-1386
   Telecopier:  (713) 626-1388
   Ivan.rodriguez@phelps.com
   Marc.matthews@phelps.com
   Michael.streich@phelps.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 19, 2019, a copy of this document has been served on the following counsel of record by electronic service:

David W. Hodges
Don J. Foty
Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
dhodges@kennedyhodges.com
dfoty@kennedyhodges.com

          _/s/ Russell Lewis_
          Russell Lewis